Alden J. Parker (SBN 196808)
E-Mail:  aparker@fisherphillips.com
Erin J. Price (SBN 319331)
E-Mail:  eprice@fisherphillips.com
FISHER & PHILLIPS LLP
621 Capitol Mall, Suite 1400
Sacramento, California 95814
Telephone: (916) 210-0400
Facsimile:  (916) 210-0401

Attorneys for Defendant
FIRST TECHNOLOGY FEDERAL CREDIT UNION
D/B/A FIRST TECH FEDERAL CREDIT UNION

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA FAGALNIFIN,<br><br>                    Plaintiff,<br><br>          v.<br><br>FIRST TECHNOLOGY FEDERAL CREDIT UNION D/B/A FIRST TECH FEDERAL CREDIT UNION, a federally chartered credit union,<br><br>                    Defendants. | CASE NO.:<br><br>*[Originally Placer County Superior Court Case No. S-CV-0048175]*<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1331, 1367, 1441(a), AND 1446 (FEDERAL QUESTION JURISDICTION)**<br><br>Complaint Filed: March 15, 2022<br>Trial Date: None Set |

1

TO PLAINTIFF JESSICA FAGALNIFIN AND HER COUNSEL OF RECORD, AND THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE THAT DEFENDANT FIRST TECHNOLOGY FEDERAL CREDIT UNION D/B/A FIRST TECH FEDERAL CREDIT UNION ("Defendant"), through its counsel of record, hereby submits this Notice for Removal ("Notice") to remove this action from the Superior Court of the State of California for the County of Placer to the United States District Court for the Eastern District of California pursuant to 28 U.S.C. sections 1331, 1367, 1441(a), and 1446. In support of the removal, Defendant submits as follows:

## I. STATEMENT OF JURISDICTION

1. This Court has original jurisdiction over this action based on federal question pursuant to 28 U.S.C. § 1331. This action is one that may be removed by this Court by Defendant pursuant to 28 U.S.C. § 1441(a) because it includes a claim for relief that arises out of federal law.

## II. VENUE

2. This action is now pending in the Superior Court of the State of California, County of Placer, and thus may be properly removed to the United States District Court for the Eastern District of California, sitting in Sacramento, California pursuant to 28 U.S.C. section 1441(a). *See also* L.R. 120(d).

## III. PROCEDURAL HISTORY

3. This lawsuit arises out of Plaintiff's employment with Defendant. On March 15, 2022, Plaintiff

Jessica Fagalnifin filed a Complaint in the Superior Court of the State of California in and for the County of Placer styled *Jessica Fagalnifin v. First Technology Federal Credit Union d/b/a First Tech Federal Credit Union*, Case No. S-CV-0048175 ("Complaint"). *See* Declaration of Erin J. Price (hereinafter "Price Decl."), ¶¶ 1-2, Exhibit A. Plaintiff's Complaint alleges the following causes of action against Defendant: (1) Failure to Pay Overtime; (2) Failure to Provide Meal Periods; (3) Failure to Provide Rest Breaks; and (4) Family Medical Leave Act ("FMLA") Retaliation. *See id*.

///

///

2

FP 43844859.1

4.      On March 30, 2022, Defendant was personally served with the Summons and Complaint. Defendant's Request for Judicial Notice (hereinafter "Defendant's RJN"), Exhibit D; *see* Price Decl., ¶ 3, Exhibit B.

5.      To Defendant's knowledge, all parties have been served with Plaintiff's Complaint. *See* Price Decl., ¶¶ 4-5.

6.      On April 29, 2022, Defendant filed an Answer to Plaintiff's Complaint.  *See* Price Decl., ¶ 5, Exhibit C.

7.      Pursuant to 28 U.S.C. § 1446(a), true and correct copies of Plaintiff's Complaint, Summons, and other related documents filed in the Superior Court of the State of California, County of Placer are attached to the Declaration of Erin J. Price in support of this Notice of Removal.  *See* Price Decl., Exhibits A-B.  Additionally, Defendant's Answer to Plaintiff's Complaint filed with the County of Placer on April 29, 2022 is attached to the Declaration of Erin J. Price in support of this Notice of Removal, filed concurrently herein, as Exhibit C.   Moreover, Plaintiff's Proof of Service of Summons filed on April 11, 2022, and a Notice of Case Management Conference issued by Placer County Superior Court on March 15, 2022, which has not been served on Defendant as of the date of this Notice of Removal, are attached as Exhibits D and E, respectively, to Defendant's RJN filed concurrently herein. Exhibits A through E constitute all process, pleadings, and orders known by Defendant to exist in this action.  Defendant is informed and believes these Exhibits constitute the operative pleadings in the state court case file in this matter.

## IV.    TIMELINESS OF REMOVAL

8.      Removal of a case to federal court is governed in part by 28 U.S.C. section 1441, which generally allows removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).  Under 28 U.S.C. § 1446(b), a "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise[.]" The 30-day period for removal is triggered once service occurs. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

9.      This petition is filed within thirty (30) days after Defendant was served with the Summons and Complaint.   Specifically, on March 30, 2022, Plaintiff personally served Defendant with the

Summons and Complaint containing a claim for relief subject to federal jurisdiction.  Defendant's RJN, Exhibit D; *see* Price Decl., ¶ 3, Exhibit B.

## V.   BASIS FOR REMOVAL – FEDERAL QUESTION JURISDICTION

10.   This Court has original jurisdiction over this action because of the existence of a federal question.  Specifically, Plaintiff has asserted a claim and seeks remedies under 29 U.S.C.A. §§ 2601, 2615, and 29 C.F.R. § 825.220.

11.   "The district courts shall have original jurisdiction of all actions arising under the Constitution, laws or treatises of the United States." 28 U.S.C. § 1331.  In deciding whether a suit arises under federal law, the district court must abide by the "well-pleaded complaint" rule, under which a suit arises under federal law only when the plaintiff's statement of her own cause of action shows that it is based on federal law. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

12.   This case plainly arises under federal law.  Plaintiff's Complaint refers to and arises out of alleged violations of the following federal statutes and regulations: 29 U.S.C.A. §§ 2601, 2615, and 29 C.F.R. § 825.220.  Specifically, Plaintiff alleges that Defendant retaliated against her for "utilizing FMLA" and interfered with Plaintiff's right to exercise her FMLA rights pursuant to 29 U.S.C.A. §§ 2601, 2615, and 29 C.F.R. § 825.220.  *See* Complaint, ¶¶ 1, 5, 14, 20, 42-45.

13.   Other claims asserted by Plaintiff for relief under California statutes are within the supplemental jurisdiction of this Court under 29 U.S.C. § 1367(a), because they are so related to the FMLA Retaliation claim that they form part of the same case or controversy under Article III of the United States Constitution.  Plaintiff's other state law claims "derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding." *Kuba v. 1-A Agric. Ass'n*, 387 F.3d 850, 855 (9th Cir. 2004).  *See* Price Decl., ¶ 7.  Thus, jurisdiction is appropriate for all of Plaintiff's claims that are related to the federal claim.

## VI.   INTRA-DISTRICT ASSIGNMENT

14.   Pursuant to 28 U.S.C. section 1391(a)(2), venue is proper in the United States District Court for the Eastern District of California, sitting in Sacramento, because a substantial part of the alleged events giving rise to the claims in this lawsuit occurred in the County of Placer, and this is an action arising in Placer County.  L.R. 120(d).

FP 43844859.1

15.     Promptly after filing of this Notice of Removal, Defendant will file in the Superior Court of the State of California, County of Placer, its Notice of Filing of Removal, with a copy of this Notice of Removal attached hereto. *See* Price Decl., ¶ 8.  Further, Defendant has served upon Plaintiff a copy of this Notice of Removal and will promptly serve upon Plaintiff a copy of Defendant's Notice of Filing of Notice of Removal.

DATE:  April 29, 2022                              FISHER & PHILLIPS LLP


By: */s/ Erin J. Price*
      Alden J. Parker
      Erin J. Price

      Attorneys for Defendant
      FIRST TECHNOLOGY FEDERAL CREDIT
      UNION D/B/A FIRST TECH FEDERAL
      CREDIT UNION

DEFENDANT'S NOTICE OF REMOVAL OF ACTION
PURSUANT TO 28 U.S.C. §§ 1331, 1367, 1441(A), AND 1446

FP 43844859.1