Alden J. Parker (SBN 196808)
E-Mail:  aparker@fisherphillips.com
Erin J. Price (SBN 319331)
E-Mail:  eprice@fisherphillips.com
FISHER & PHILLIPS LLP
621 Capitol Mall, Suite 1400
Sacramento, California 95814
Telephone: (916) 210-0400
Facsimile:  (916) 210-0401

Attorneys for Defendant
FIRST TECHNOLOGY FEDERAL CREDIT UNION
D/B/A FIRST TECH FEDERAL CREDIT UNION

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA FAGALNIFIN,<br><br>                    Plaintiff,<br><br>          v.<br><br>FIRST TECHNOLOGY FEDERAL CREDIT UNION D/B/A FIRST TECH FEDERAL CREDIT UNION, a federally chartered credit union,<br><br>                    Defendants. | CASE NO.:<br><br>*[Originally Placer County Superior Court Case No. S-CV-0048175]*<br><br>**DECLARATION OF ERIN J. PRICE IN SUPPORT OF DEFENDANT'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1331, 1367, 1441(a), AND 1446**<br><br>Complaint Filed:  March 15, 2022<br>Trial Date: None Set |

## DECLARATION OF ERIN J. PRICE

I, ERIN J. PRICE, hereby declare and state as follows:

1.    I am an attorney at law duly licensed to practice in the State of California and before this Court. I am an associate with Fisher & Phillips LLP, counsel of record for Defendant FIRST TECHNOLOGY FEDERAL CREDIT UNION D/B/A FIRST TECH FEDERAL CREDIT UNION ("Defendant"). I make this Declaration in support of Defendant's Notice of Removal under 28 U.S.C. § § 1331, 1367, 1441(a), and 1446.  My firm and I are counsel for Defendant in the civil action currently pending in the California Superior Court, in and for the County of Sacramento, entitled *Jessica Fagalnifin v. First Technology Federal Credit Union d/b/a First Tech Federal Credit Union*, Case No. S-CV-0048175 ("State Court Action").  I am familiar with the records of Fisher & Phillips LLP regarding the above-captioned action and the State Court Action.  All the information set forth herein is based on my personal and first-hand knowledge except where indicated, and if called and sworn as a witness, I could and would testify competently thereto.

2.    On information and belief, on or about March 15, 2022, Plaintiff Jessica Fagalnifin filed a Complaint in the Superior Court of the State of California in and for the County of Placer.  A true and correct copy of Plaintiff's Complaint is attached hereto as **Exhibit A**.

3.    On March 30, 2022, Plaintiff personally served Defendant with the Summons and Complaint.  A true and correct copy of Plaintiff's Summons, Complaint, and related documents is attached hereto as **Exhibit B**.

4.    As Defendant is the only defendant named in the State Court Action, all parties have been served with Plaintiff's Complaint.

5.    On April 29, 2022, Defendant filed an Answer to Plaintiff's Complaint in the Superior Court for the County of Placer.  A true and correct copy of Defendant's Answer is attached hereto as **Exhibit C**.

6.    On information and belief, and as of the date of the filing of Defendant's Notice of Removal, no other pleadings or other papers have been filed in the State Court Action.

///

///

DECLARATION OF ERIN J. PRICE IN SUPPORT OF DEFENDANT'S NOTICE OF REMOVAL OF ACTION
PURSUANT TO 28 U.S.C. §§ 1331, 1367, 1441(A), AND 1446

7.     Based on my review of Plaintiff's Complaint, the claims and allegations contained therein amount to a question arising out of federal law.  Specifically, Plaintiff pleads a cause of action for Family Medical Leave Act ("FMLA") Retaliation arising under federal law pursuant to 29 U.S.C.A. §§ 2601, 2615, and 29 C.F.R. § 825.220.  Moreover, all of Plaintiff's claims derive from her employment and separation from her employment with Defendant First Technology Federal Credit Union d/b/a First Tech Federal Credit Union.  As a result, all causes of action in this case arise from a common nucleus of operative fact.

8.     Proofs of service of the Notice to the Placer County Superior Court Clerk of Removal to Federal Court in the Eastern District of California and the Notice to the Adverse Party of Removal to Federal Court will be filed with this Court shortly after the Superior Court filing and service upon the adverse party are accomplished.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct. Executed on April 29, 2022, at Sacramento, California.

*/s/ Erin J. Price*
ERIN J. PRICE

DECLARATION OF ERIN J. PRICE IN SUPPORT OF DEFENDANT'S NOTICE OF REMOVAL OF ACTION
PURSUANT TO 28 U.S.C. §§ 1331, 1367, 1441(A), AND 1446

# EXHIBIT A

# EXHIBIT A

**WRIGHT LAW CORPORATION**
RYAN C. WRIGHT (SBN 318267)
ryan.wright@wrightlawcorp.com
2999 Douglas Blvd., Suite 180
Roseville, California 95661
Telephone: 916.299.0331

Attorney for Plaintiff
Jessica Fagalnifin

**ELECTRONICALLY FILED**
Superior Court of California,
County of Placer
**03/15/2022 at 12:40:09 AM**
By: Olivia C Lucatuorto
Deputy Clerk

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF PLACER – UNLIMITED JURISDICTION

| | |
|---|---|
| JESSICA FAGALNIFIN, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> FIRST TECHNOLOGY FEDERAL CREDIT UNION D/B/A FIRST TECH FEDERAL CREDIT UNION, a federally chartered credit union, <br><br> Defendants. | Case No.:  S-CV-0048175 <br><br> **COMPLAINT FOR:** <br> **1. FAILURE TO PAY OVERTIME** <br> **2. FAILURE TO PROVIDE MEAL PERIODS** <br> **3. FAILURE TO PROVIDE REST BREAKS** <br> **4. FMLA RETALIATION** <br><br> **Demand for Jury Trial** |

Plaintiff Jessica Fagalnifin (hereinafter referred to as "Plaintiff" or "Fagalnifin") brings this action against Defendant First Technology Federal Credit Union d/b/a First Tech Federal Credit Union (hereinafter "Defendant" or "First Tech") and allege as follows:

## I.   INTRODUCTION

1.      Plaintiff brings suit against her former employer, Defendant First Tech for violations of Cal. Lab. Code §§ 226.7, 510, 512, 558, Wage Order 4, and 29 U.S.C.A. §§ 2601, 2615, and 29 C.F.R. § 825.220.

2.      Plaintiff was ostensibly misclassified by Defendant as an "exempt" employee. Under the salary-level test, salary-basis test, and duties test, Plaintiff should be classified as a non-exempt, salaried employee.

///



1
**COMPLAINT**

3.     Plaintiff was scheduled 12-hour days with no breaks and expected to work over 40 hours per week.

4.     Plaintiff was expected to work off the clock when asked to come in "a little early," without clocking in.

5.     Plaintiff experienced retaliation after utilizing FMLA through inappropriate comments made about her to other employees.

## II. JURISDICTION AND VENUE

6.     This case is properly before this court because it involves issues of state law and Plaintiff and Defendant do business or live in California.

7.     Venue is proper in the Superior Court of California, Placer because Rocklin, California was the place of employment and is where all the events took place.

## III. PARTIES

8.     Plaintiff is an individual domiciled in California.

9.     Defendant is a federally chartered credit union with its main office at 2702 Orchard Parkway, San Jose, California 95134-2012.  Defendant does business under the state of California and has its place of business in the state of California.

## IV. FACTUAL ALLEGATIONS

10.     Plaintiff began working at First Tech Credit Union in February of 2018 at the Rocklin Corporate Location.

11.     Plaintiff was a non-exempt salaried employee pursuant to Cal. Lab. Code § 515.

12.     Plaintiff earned less than $58,240 per year.  In 2018, Plaintiff earned $36,709,94.  In 2019, Plaintiff earned $45,026.75.  In 2020, Plaintiff earned $49,376.09.  In 2021, Plaintiff earned $35,749.13.

13.     Plaintiff was not "employed in a bona fide executive capacity" pursuant 29 C.F.R § 541.100.

14.     During Plaintiff's employment, Plaintiff witnessed violations of overtime pay, violations of wage and hour laws, and retaliation for Family and Medical Leave (FMLA).

15.     Plaintiff worked from 7:00am to 7:00pm without breaks during a workweek.



2
**COMPLAINT**

16.     During projects, Plaintiff was required to attend meetings over lunch time hours and from 5:00pm to 7:00pm, without receiving breaks.

17.     Plaintiff was sent to pick up food, grocery orders, and Starbucks during her personal breaks and on company time.

18.     Plaintiff was expected to come into the office "a little early" to help her manager without clocking in because overtime was frowned upon.

19.     Defendant expected salaried employees to use their Paid Time Off in either four-hour or eight-hour increments.   Thus, when Plaintiff missed work from 8:00am to 9:00am, she would be expected to use four hours of Paid Time Off.

20.     Plaintiff was retaliated against for utilizing FMLA.   Specifically, inappropriate comments were made about Plaintiff to other employees, invading her privacy and coverage under FMLA.

21.     Plaintiff was given a mass overload of work, resulting in mental and emotional abuse.

22.     Plaintiff observed employees being blacklisted if the director or vice president were upset with an employee.

23.     Plaintiff left First Tech in July of 2021.

## FIRST CAUSE OF ACTION
(Failure to Pay Overtime Wages pursuant to Cal. Lab. Code §§ 510, 558 and Wage Order 4).

24.     Plaintiff incorporates by reference the allegations in the foregoing paragraphs of this Complaint as if fully set forth herein.

25.     Cal Lab. Code § 510 requires overtime pay for any work done past eight hours in one workday and any work done past 40 hours in one workweek.   Any work done on the seventh day of one workweek for eight hours shall be compensated more than one and one-half times the regular rate of pay.   Any work done past 12 hours in one workday and in excess of eight hours on the seventh day of the workweek shall be compensated for at least doubled the regular rate of pay.

///

///



26.     Under Cal. Lab. Code § 558, any employer violating orders within the Industrial Welfare Commission is subject to civil penalties.

27.     California law mandates employers to pay employees for all work done "off the clock." *See Troester v. Starbucks Corp.*, 5 Cal. 5th 829, 848 (Cal. 2018).

28.     Plaintiff was required to work from 7:00am to 7:00pm without breaks.   This included meetings scheduled from 5:00pm to 7:00pm and lunch hours, placing Plaintiff's work hours over eight hours in one workday and over 40 hours in one workweek.

29.     Plaintiff worked for 12 hours without overtime pay because she was misclassified as a salaried employee, exempt from Cal. Lab. Code § 510.

30.     Defendant knew or should have known that Plaintiff worked overtime hours because meetings were stacked during lunch time and between the hours of 5:00pm to 7:00pm, even when Plaintiff started work at 7:00am.

31.     Defendant knew or should have known that Plaintiff worked off the clock because she was asked to come in "a little early" by the manager without clocking into work.

32.     Defendant knew or should have known that Plaintiff was discouraged from clocking in while working off the clock.

WHEREFORE, Plaintiff requests the court grant relief against Defendant as follows:

i.      The Court declare Plaintiff is a non-exempt employee;

ii.     The Court declare First Tech failed to provide Plaintiff overtime pay;

iii.    Award the amount of overtime pay owed and any civil penalties pursuant to Cal. Lab. Code § 558;

iv.     Award pre-judgment and post-judgment interest, as provided by law;

v.      Award reasonable attorneys' fees;

vi.     For the costs of suit incurred herein; and

vii.    For other and further legal and equitable relief as this Court deems just and proper.

///

///

///



4
**COMPLAINT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**SECOND CAUSE OF ACTION**

(Failure to provide meal breaks pursuant to Cal. Lab. Code §§ 226.7, 512 and Wage Order 4)

33.　Plaintiff incorporates by reference the allegations in the foregoing paragraphs of this Complaint as if fully set forth herein.

34.　Under Cal. Lab. Code §§ 512, 226.7 and Wage Order 4, "An employer shall not employ an employee for a work period for more than five hours per day without providing that employee with a meal period of not less than 30 minutes." Plaintiff was required to work from 7:00am to 7:00pm for 12 hours without meal periods.

35.　Defendant knew or should have known that Plaintiff did not receive any meal periods because she was required to participate in meetings and run company errands during her lunch time and after work, thus Plaintiff worked for more than five hours between 7:00am-7:00pm without any meal periods.

36.　Plaintiff is entitled to one additional hour of pay at Plaintiff's regular rate of compensation for each workday that the meal periods were not provided pursuant to Cal. Lab. Code 226.7.

WHEREFORE, Plaintiff requests the court grant relief against Defendant as follows:

　i.　The Court declare Plaintiff is a non-exempt employee;

　ii.　The Court declare that First Tech failed to provide Plaintiff proper meal periods;

　iii.　Award compensation owed pursuant to Cal. Lab. Code § 226.7(c);

　iv.　Award pre-judgment and post-judgment interest, as provided by law;

　v.　Award reasonable attorneys' fees;

　vi.　For the costs of suit incurred herein; and

　vii.　For other and further legal and equitable relief as this Court deems just and proper.

**THIRD CAUSE OF ACTION**

(Failure to provide rest breaks pursuant to Cal. Lab. Code § 226.7 and Wage Order 4)

37.　Plaintiff incorporates by reference the allegations in the foregoing paragraphs of this Complaint as if fully set forth herein.

///



38.     Under, Cal. Lab. Code § 226.7 and Wage Order 4, "The authorized rest period time shall be based on the total hours worked daily at the right of ten (10) minutes net rest time per four (4) hours or major fraction thereof.  However, a rest period need not be authorized for employees whose total daily work is less than three and a one-half (3 ½) hours."  Plaintiff was required to work from 7:00am to 7:00pm for 12 hours without rest periods.

39.     Defendant knew or should have known that Plaintiff did not receive any rest periods after four hours or a major fraction thereof of work because she was required to run company errands: picking up food; grocery orders; and Starbucks, during her personal breaks.

40.     Defendant knew or should have known Plaintiff did not receive her ten-minute break between 7:00am-7:00pm because she was required to attend meetings during her break times after four hours or a major fraction thereof of work.

41.     Pursuant to Cal. Lab. Code § 226.7(c), Plaintiff was entitled to one additional hour of pay at Plaintiff's regular rate of compensation for each workday that the rest periods were not provided.

WHEREFORE, Plaintiff requests the court grant relief against Defendant as follows:

    i.      The Court declare Plaintiff is a non-exempt employee;

    ii.     The Court declare that First Tech failed to provide Plaintiff proper rest periods;

    iii.    Award compensation owed pursuant to Cal. Lab. Code § 226.7(c);

    iv.    Award pre-judgment and post-judgment interest, as provided by law;

    v.     Award reasonable attorneys' fees;

    vi.    For the costs of suit incurred herein; and

    vii.   For other and further legal and equitable relief as this Court deems just and proper.

### FOURTH CAUSE OF ACTION
(FMLA Retaliation pursuant to 29 U.S.C.A. §§ 2601, 2615, and 29 C.F.R. § 825.220)

42.     Plaintiff incorporates by reference the allegations in the foregoing paragraphs of this Complaint as if fully set forth herein.

///




43.     Under 29 U.S.C.A. § 2615, it is prohibited to interfere with an employee's exercise of their rights, nor can an employer discriminate against an employee.

44.     Under 29 C.F.R. § 825.220, the FMLA protects employees from any discrimination, restrain, or denial with an employee's rights for FMLA.

45.     Defendant knew or should have known Plaintiff experienced retaliation for utilizing FMLA because inappropriate comments were made about Plaintiff to other employees, invading her privacy and coverage under FMLA.

WHEREFORE, Plaintiff requests the court grant relief against Defendant as follows:

i.     The Court declare First Tech interfered with Plaintiff's right to exercise her FMLA rights;

ii.     Award pre-judgment and post-judgment interest, as provided by law;

iii.     Award reasonable attorneys' fees;

iv.     For the costs of suit incurred herein; and

v.     For other and further legal and equitable relief as this Court deems just and proper.

**JURY DEMAND**

Plaintiff requests a jury on all causes of action triable by jury.

DATED: March 15, 2022                    Wright Law Corporation

                                        By: _____
                                            Ryan C. Wright
                                            Attorney for Plaintiff
                                            Jessica Fagalnifin



7
**COMPLAINT**

# EXHIBIT B

# EXHIBIT B

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br>FIRST TECHNOLOGY FEDERAL CREDIT UNION D/B/A FIRST TECH FEDERAL CREDIT UNION, a federally chartered credit union<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br><br>JESSICA FAGALNIFIN, an individual | *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)*<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Placer<br>03/15/2022 at 12:40:09 AM<br>By: Olivia C Lucatuorto<br>Deputy Clerk |

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Placer County Superior Court, Santucci Justice Center, 1080 Justice Center Drive., Roseville, CA 95678 | CASE NUMBER: *(Número del Caso):*<br>S-CV-0048175 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Ryan C. Wright, Wright Law Corporation, 2999 Douglas Blvd., Suite 180, Roseville, CA 95661; 916.299.0331

| DATE:<br>*(Fecha)* 03/15/2022 | Clerk, by<br>*(Secretario)* Olivia C Lucatuorto | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citation use el formulario Proof of Service of Summons, (POS-010).)*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* First Technology Federal Credit Union dba First Technology Federal Credit Union

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):* Business form service
4. ☐ by personal delivery on *(date)*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

For your protection and privacy, please press the Clear This Form button after you have printed the form.    | Print this form |   | Save this form |              | Clear this form |

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Ryan C. Wright (SBN 318267)<br>Wright Law Corporation<br>2999 Douglas Blvd., Suite 180, Roseville, CA 95661<br>TELEPHONE NO.: 916.299.0331   FAX NO. *(Optional):*<br>ATTORNEY FOR *(Name):* Plaintiff Jessica Fagalnifin | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Placer<br>03/15/2022 at 12:40:09 AM<br>By: Olivia C Lucatuorto<br>Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF PLACER
STREET ADDRESS: 10820 Justice Center Drive
MAILING ADDRESS:
CITY AND ZIP CODE: Roseville 95678
BRANCH NAME: Santucci Justice Center

CASE NAME:
JESSICA FAGALNIFIN v. FIRST TECHNOLOGY FEDERAL CREDIT UNION

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000)   [ ] Limited (Amount demanded is $25,000) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | S-CV-0048175<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [X] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is   [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more issues that will be time-consuming to resolve    courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary  b. [X] nonmonetary; declaratory or injunctive relief  c. [X] punitive
4. Number of causes of action *(specify):* 4 - 1)Fail Pay Overtime 2)Fail Provide Meal Breaks 3)Fail Provide Rest 4)FMLA Retaliation
5. This case [ ] is   [X] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: March 14, 2022

Ryan C. Wright
_____
(TYPE OR PRINT NAME)                                    ► _____
                                                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courts.ca.gov |

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                                      CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability (not asbestos or toxic/environmental) (24)
Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (not civil harassment) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice (not medical or legal)
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)
    Contract/Warranty Breach–Seller Plaintiff (not fraud or negligence)
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage (not provisionally complex) (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property (not eminent domain, landlord/tenant, or foreclosure)
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (arising from provisionally complex case type listed above) (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment (non-domestic relations)
    Sister State Judgment
    Administrative Agency Award (not unpaid taxes)
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (not specified above) (42)
    Declaratory Relief Only
    Injunctive Relief Only (non-harassment)
    Mechanics Lien
    Other Commercial Complaint Case (non-tort/non-complex)
    Other Civil Complaint (non-tort/non-complex)
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (not specified above) (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

**ELECTRONICALLY FILED**
Superior Court of California,
County of Placer
**03/15/2022 at 12:40:09 AM**
By: Olivia C Lucatuorto
Deputy Clerk

1 **WRIGHT LAW CORPORATION**
RYAN C. WRIGHT (SBN 318267)
2 ryan.wright@wrightlawcorp.com
2999 Douglas Blvd., Suite 180
3 Roseville, California 95661
Telephone: 916.299.0331
4
Attorney for Plaintiff
5 Jessica Fagalnifin

6

7

8 IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 IN AND FOR THE COUNTY OF PLACER – UNLIMITED JURISDICTION

10

11 JESSICA FAGALNIFIN, an individual,     )   Case No.:   S-CV-0048175
                                        )
12          Plaintiff,                   )   **COMPLAINT FOR:**
                                        )   **1. FAILURE TO PAY OVERTIME**
13     vs.                               )   **2. FAILURE TO PROVIDE MEAL**
                                        )      **PERIODS**
14 FIRST TECHNOLOGY FEDERAL CREDIT      )   **3. FAILURE TO PROVIDE REST**
   UNION D/B/A FIRST TECH FEDERAL        )      **BREAKS**
15 CREDIT UNION, a federally chartered credit )   **4. FMLA RETALIATION**
   union,                                )
16                                       )   **Demand for Jury Trial**
          Defendants.                    )
17

18     Plaintiff Jessica Fagalnifin (hereinafter referred to as "Plaintiff" or "Fagalnifin") brings this

19 action against Defendant First Technology Federal Credit Union d/b/a First Tech Federal Credit

20 Union (hereinafter "Defendant" or "First Tech") and allege as follows:

21                              **I.   INTRODUCTION**

22     1.     Plaintiff brings suit against her former employer, Defendant First Tech for violations

23 of Cal. Lab. Code §§ 226.7, 510, 512, 558, Wage Order 4, and 29 U.S.C.A. §§ 2601, 2615, and 29

24 C.F.R. § 825.220.

25     2.     Plaintiff was ostensibly misclassified by Defendant as an "exempt" employee.

26 Under the salary-level test, salary-basis test, and duties test, Plaintiff should be classified as a non-

27 exempt, salaried employee.

28 ///



1
**COMPLAINT**

3.     Plaintiff was scheduled 12-hour days with no breaks and expected to work over 40 hours per week.

4.     Plaintiff was expected to work off the clock when asked to come in "a little early," without clocking in.

5.     Plaintiff experienced retaliation after utilizing FMLA through inappropriate comments made about her to other employees.

## II. JURISDICTION AND VENUE

6.     This case is properly before this court because it involves issues of state law and Plaintiff and Defendant do business or live in California.

7.     Venue is proper in the Superior Court of California, Placer because Rocklin, California was the place of employment and is where all the events took place.

## III. PARTIES

8.     Plaintiff is an individual domiciled in California.

9.     Defendant is a federally chartered credit union with its main office at 2702 Orchard Parkway, San Jose, California 95134-2012. Defendant does business under the state of California and has its place of business in the state of California.

## IV. FACTUAL ALLEGATIONS

10.     Plaintiff began working at First Tech Credit Union in February of 2018 at the Rocklin Corporate Location.

11.     Plaintiff was a non-exempt salaried employee pursuant to Cal. Lab. Code § 515.

12.     Plaintiff earned less than $58,240 per year. In 2018, Plaintiff earned $36,709,94. In 2019, Plaintiff earned $45,026.75. In 2020, Plaintiff earned $49,376.09. In 2021, Plaintiff earned $35,749.13.

13.     Plaintiff was not "employed in a bona fide executive capacity" pursuant 29 C.F.R § 541.100.

14.     During Plaintiff's employment, Plaintiff witnessed violations of overtime pay, violations of wage and hour laws, and retaliation for Family and Medical Leave (FMLA).

15.     Plaintiff worked from 7:00am to 7:00pm without breaks during a workweek.



16.     During projects, Plaintiff was required to attend meetings over lunch time hours and from 5:00pm to 7:00pm, without receiving breaks.

17.     Plaintiff was sent to pick up food, grocery orders, and Starbucks during her personal breaks and on company time.

18.     Plaintiff was expected to come into the office "a little early" to help her manager without clocking in because overtime was frowned upon.

19.     Defendant expected salaried employees to use their Paid Time Off in either four-hour or eight-hour increments.  Thus, when Plaintiff missed work from 8:00am to 9:00am, she would be expected to use four hours of Paid Time Off.

20.     Plaintiff was retaliated against for utilizing FMLA.  Specifically, inappropriate comments were made about Plaintiff to other employees, invading her privacy and coverage under FMLA.

21.     Plaintiff was given a mass overload of work, resulting in mental and emotional abuse.

22.     Plaintiff observed employees being blacklisted if the director or vice president were upset with an employee.

23.     Plaintiff left First Tech in July of 2021.

**FIRST CAUSE OF ACTION**

(Failure to Pay Overtime Wages pursuant to Cal. Lab. Code §§ 510, 558 and Wage Order 4).

24.     Plaintiff incorporates by reference the allegations in the foregoing paragraphs of this Complaint as if fully set forth herein.

25.     Cal Lab. Code § 510 requires overtime pay for any work done past eight hours in one workday and any work done past 40 hours in one workweek.  Any work done on the seventh day of one workweek for eight hours shall be compensated more than one and one-half times the regular rate of pay.  Any work done past 12 hours in one workday and in excess of eight hours on the seventh day of the workweek shall be compensated for at least doubled the regular rate of pay.

///

///



3

**COMPLAINT**

26. Under Cal. Lab. Code § 558, any employer violating orders within the Industrial Welfare Commission is subject to civil penalties.

27. California law mandates employers to pay employees for all work done "off the clock." *See Troester v. Starbucks Corp.*, 5 Cal. 5th 829, 848 (Cal. 2018).

28. Plaintiff was required to work from 7:00am to 7:00pm without breaks. This included meetings scheduled from 5:00pm to 7:00pm and lunch hours, placing Plaintiff's work hours over eight hours in one workday and over 40 hours in one workweek.

29. Plaintiff worked for 12 hours without overtime pay because she was misclassified as a salaried employee, exempt from Cal. Lab. Code § 510.

30. Defendant knew or should have known that Plaintiff worked overtime hours because meetings were stacked during lunch time and between the hours of 5:00pm to 7:00pm, even when Plaintiff started work at 7:00am.

31. Defendant knew or should have known that Plaintiff worked off the clock because she was asked to come in "a little early" by the manager without clocking into work.

32. Defendant knew or should have known that Plaintiff was discouraged from clocking in while working off the clock.

WHEREFORE, Plaintiff requests the court grant relief against Defendant as follows:

i.    The Court declare Plaintiff is a non-exempt employee;

ii.   The Court declare First Tech failed to provide Plaintiff overtime pay;

iii.  Award the amount of overtime pay owed and any civil penalties pursuant to Cal. Lab. Code § 558;

iv.   Award pre-judgment and post-judgment interest, as provided by law;

v.    Award reasonable attorneys' fees;

vi.   For the costs of suit incurred herein; and

vii.  For other and further legal and equitable relief as this Court deems just and proper.

///

///

///



4
**COMPLAINT**

**SECOND CAUSE OF ACTION**

(Failure to provide meal breaks pursuant to Cal. Lab. Code §§ 226.7, 512 and Wage Order 4)

33.     Plaintiff incorporates by reference the allegations in the foregoing paragraphs of this Complaint as if fully set forth herein.

34.     Under Cal. Lab. Code §§ 512, 226.7 and Wage Order 4, "An employer shall not employ an employee for a work period for more than five hours per day without providing that employee with a meal period of not less than 30 minutes." Plaintiff was required to work from 7:00am to 7:00pm for 12 hours without meal periods.

35.     Defendant knew or should have known that Plaintiff did not receive any meal periods because she was required to participate in meetings and run company errands during her lunch time and after work, thus Plaintiff worked for more than five hours between 7:00am-7:00pm without any meal periods.

36.     Plaintiff is entitled to one additional hour of pay at Plaintiff's regular rate of compensation for each workday that the meal periods were not provided pursuant to Cal. Lab. Code 226.7.

WHEREFORE, Plaintiff requests the court grant relief against Defendant as follows:

i.     The Court declare Plaintiff is a non-exempt employee;

ii.     The Court declare that First Tech failed to provide Plaintiff proper meal periods;

iii.     Award compensation owed pursuant to Cal. Lab. Code § 226.7(c);

iv.     Award pre-judgment and post-judgment interest, as provided by law;

v.     Award reasonable attorneys' fees;

vi.     For the costs of suit incurred herein; and

vii.     For other and further legal and equitable relief as this Court deems just and proper.

**THIRD CAUSE OF ACTION**

(Failure to provide rest breaks pursuant to Cal. Lab. Code § 226.7 and Wage Order 4)

37.     Plaintiff incorporates by reference the allegations in the foregoing paragraphs of this Complaint as if fully set forth herein.

///



38.   Under, Cal. Lab. Code § 226.7 and Wage Order 4, "The authorized rest period time shall be based on the total hours worked daily at the right of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work is less than three and a one-half (3 ½) hours." Plaintiff was required to work from 7:00am to 7:00pm for 12 hours without rest periods.

39.   Defendant knew or should have known that Plaintiff did not receive any rest periods after four hours or a major fraction thereof of work because she was required to run company errands: picking up food; grocery orders; and Starbucks, during her personal breaks.

40.   Defendant knew or should have known Plaintiff did not receive her ten-minute break between 7:00am-7:00pm because she was required to attend meetings during her break times after four hours or a major fraction thereof of work.

41.   Pursuant to Cal. Lab. Code § 226.7(c), Plaintiff was entitled to one additional hour of pay at Plaintiff's regular rate of compensation for each workday that the rest periods were not provided.

WHEREFORE, Plaintiff requests the court grant relief against Defendant as follows:

i.   The Court declare Plaintiff is a non-exempt employee;

ii.   The Court declare that First Tech failed to provide Plaintiff proper rest periods;

iii.   Award compensation owed pursuant to Cal. Lab. Code § 226.7(c);

iv.   Award pre-judgment and post-judgment interest, as provided by law;

v.   Award reasonable attorneys' fees;

vi.   For the costs of suit incurred herein; and

vii.   For other and further legal and equitable relief as this Court deems just and proper.

### FOURTH CAUSE OF ACTION
(FMLA Retaliation pursuant to 29 U.S.C.A. §§ 2601, 2615, and 29 C.F.R. § 825.220)

42.   Plaintiff incorporates by reference the allegations in the foregoing paragraphs of this Complaint as if fully set forth herein.

///



6
**COMPLAINT**

43. Under 29 U.S.C.A. § 2615, it is prohibited to interfere with an employee's exercise of their rights, nor can an employer discriminate against an employee.

44. Under 29 C.F.R. § 825.220, the FMLA protects employees from any discrimination, restrain, or denial with an employee's rights for FMLA.

45. Defendant knew or should have known Plaintiff experienced retaliation for utilizing FMLA because inappropriate comments were made about Plaintiff to other employees, invading her privacy and coverage under FMLA.

WHEREFORE, Plaintiff requests the court grant relief against Defendant as follows:

    i.   The Court declare First Tech interfered with Plaintiff's right to exercise her FMLA rights;

    ii.   Award pre-judgment and post-judgment interest, as provided by law;

    iii.   Award reasonable attorneys' fees;

    iv.   For the costs of suit incurred herein; and

    v.   For other and further legal and equitable relief as this Court deems just and proper.

**JURY DEMAND**

Plaintiff requests a jury on all causes of action triable by jury.

DATED: March 15, 2022

                                              Wright Law Corporation

                                            By: _____

                                            Ryan C. Wright
                                            Attorney for Plaintiff
                                            Jessica Fagalnifin



# SUPERIOR COURT OF THE STATE OF CALIFORNIA
## IN AND FOR THE COUNTY OF PLACER

## ALTERNATIVE DISPUTE RESOLUTION
## INFORMATION SHEET

Recognizing that many civil disputes can be resolved without the time and expense of traditional civil litigation, the Superior Court of California, County of Placer (Placer County Superior Court), strongly encourages parties in civil cases to explore and pursue the use of Alternative Dispute Resolution. This packet is provided in compliance with California Rules of Court, Rule 3.221.

**What is Alternative Dispute Resolution?**
Alternative Dispute Resolution (ADR) is the general term applied to a wide variety of dispute resolution processes which are alternatives to lawsuits. Types of ADR processes include:

- Arbitration      • Mediation      • Settlement Conferences      • Private judging
- Neutral evaluation      • Mini-trials      • Negotiation and *hybrids* of these processes

All ADR processes offer a partial or complete alternative to traditional court litigation for resolving disputes. At the present time, the Placer County Superior Court offers Mediation and Arbitration.

**What are the advantages of using ADR?**
ADR can have a number of advantages over traditional court litigation.

- **ADR can save time.** Even in a complex case, a dispute can often be resolved through ADR in a matter of months or weeks, while a lawsuit can often take years.

- **ADR can save money.** By producing earlier settlements, ADR can save parties and courts money that might otherwise be spent on litigation costs (attorney's fees and court expenses.)

- **ADR provides more participation.** Parties have more opportunity with ADR to express their own interests and concerns, while litigation focuses primarily on the parties' legal rights and responsibilities.

- **ADR provides more control and flexibility.** Parties can choose the ADR process most appropriate for their particular situations and that will best serve their particular needs.

- **ADR can reduce stress and provide greater satisfaction.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere found in litigation. Surveys of disputants who have gone through ADR have found that satisfaction with ADR is generally high, especially among those with extensive ADR experience.

Litigants are encouraged to use an ADR process as early in the case as circumstances permit.

Form Adopted for Mandatory Use
Superior Court of California, County of Placer
Form No. PL-CV007
Effective 10-26-2018

ALTERNATIVE DISPUTE RESOLUTION INFORMATION

www.placer.courts.ca.gov
Page 1 of 2

**Arbitration and Mediation**
Although there are many different types of ADR processes, the forms most commonly used to resolve disputes in California state courts are Arbitration and Mediation.

*Arbitration*
An Arbitrator hears evidence presented by the parties, makes legal rulings, determines facts and makes an Arbitration award. Arbitration awards may be entered as judgments in accordance with the agreement of the parties or, where there is no agreement, in accordance with California statutes. Arbitration can be binding if the parties so agree in writing. If there is no such agreement, either party can reject the Arbitration award and request a trial.

The plaintiff may elect, the parties may stipulate, or the judge may Order the case to Arbitration. If a judge orders a case to arbitration, the court will send a Notice of Appointment and an appropriate Order to Arbitration to all parties. Arbitrations are conducted pursuant to California Rules of Court, rules 3.810 through 3.830, and Local Rules, Chapter 20.1.9. Unless otherwise stipulated, an Award of Arbitrator is not binding upon the parties provided they file a timely Request for Trial De Novo pursuant to California Rules of Court, rule 3.826. Upon the filing of a timely Request for Trial De Novo, the case will proceed to a Trial-Setting Conference. If no timely Request for Trial De Novo is filed, judgment based upon the Award of Arbitrator will be entered pursuant to California Rules of Court, rule 3.827.

*Mediation*
Mediation is a voluntary, informal, confidential process in which the Mediator, a neutral third party, facilitates settlement negotiations. The Mediator improves communication by and among the parties, helps the parties clarify facts, identify legal issues, explore options and arrive at a mutually acceptable resolution of the dispute.

Parties to a civil action may agree to privately mediate their dispute with a Mediator of their choice without court assistance. The cost of Mediation must be borne by the parties equally unless the parties agree otherwise. Parties will be charged an amount set by the Mediator.

**Notice Requirements**
Upon filing a complaint or cross-complaint, the plaintiff/cross-complainant must acquire this ADR Information Sheet from the Court Website, http://www.placer.courts.ca.gov/, or the Superior Court Clerk. **Plaintiff is required to include the ADR Information Sheet when he or she serves the Complaint on the Defendant.**

**Parties must indicate the types of ADR process(es) the parties are willing to or have participated in on the *Case Management Statement* (Form CM-110) prior to the Case Management Conference.**

**Additional Information**
For more information on the specific ADR programs of the Placer Superior Court, please review the Local Rules of the Placer County Superior Court, available at all court locations and on-line at www.placer.courts.ca.gov.

Form Adopted for Mandatory Use
Superior Court of California, County of Placer
Form No. PL-CV007
Effective 10-26-2018

**ALTERNATIVE DISPUTE RESOLUTION INFORMATION**

www.placer.courts.ca.gov
Page 2 of 2

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO.:                              FAX NO. *(Optional):*
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):*

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF/PETITIONER:
DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| *(Check one):* ☐ **UNLIMITED CASE** (Amount demanded exceeds $25,000)   ☐ **LIMITED CASE** (Amount demanded is $25,000 or less) | |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:
Date:                    Time:                    Dept.:              Div.:              Room:
Address of court *(if different from the address above):*

☐ Notice of Intent to Appear by Telephone, by *(name):*

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☐ This statement is submitted by party *(name):*
   b. ☐ This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ The complaint was filed on *(date):*
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not):*
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*
      (3) ☐ have had a default entered against them *(specify names):*
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in ☐ complaint   ☐ cross-complaint   *(Describe, including causes of action):*

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720–3.730
www.courts.ca.gov

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4.  b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐  *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
    The party or parties request  ☐ a jury trial  ☐ a nonjury trial.  *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
    a.  ☐  The trial has been set for *(date):*
    b.  ☐  No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

    c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**
    The party or parties estimate that the trial will take *(check one):*
    a.  ☐  days *(specify number):*
    b.  ☐  hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
    The party or parties will be represented at trial  ☐ by the attorney or party listed in the caption  ☐ by the following:
    a.  Attorney:
    b.  Firm:
    c.  Address:
    d.  Telephone number:                                      f.  Fax number:
    e.  E-mail address:                                        g.  Party represented:
    ☐  Additional representation is described in Attachment 8.

9.  **Preference**
    ☐  This case is entitled to preference *(specify code section):*

10.  **Alternative dispute resolution (ADR)**
    a.  **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
        (1) For parties represented by counsel: Counsel ☐ has ☐ has not  provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
        (2) For self-represented parties: Party ☐ has ☐ has not  reviewed the ADR information package identified in rule 3.221.
    b.  **Referral to judicial arbitration or civil action mediation (if available).**
        (1) ☐  This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
        (2) ☐  Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
        (3) ☐  This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. c.  Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form are willing to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed to** participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)*:<br>☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on *(date)*: |

CM-110 [Rev. July 1, 2011]          **CASE MANAGEMENT STATEMENT**          Page 3 of 5

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**11. Insurance**
  a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
  b. Reservation of rights: ☐ Yes ☐ No
  c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**
  Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
  ☐ Bankruptcy ☐ Other *(specify):*
  Status:

**13. Related cases, consolidation, and coordination**
  a. ☐ There are companion, underlying, or related cases.
      (1) Name of case:
      (2) Name of court:
      (3) Case number:
      (4) Status:
      ☐ Additional cases are described in Attachment 13a.
  b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**
  ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**
  ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**
  a. ☐ The party or parties have completed all discovery.
  b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

  | Party | Description | Date |
  |---|---|---|
  | | | |

  c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Economic litigation**

    a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

    b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

    ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

    a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

    b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20. Total number of pages attached** *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____
(TYPE OR PRINT NAME)

▶
_____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶
_____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

**CASE MANAGEMENT STATEMENT**

# EXHIBIT C

# EXHIBIT C

ELECTRONICALLY FILED
Superior Court of California,
County of Placer
04/29/2022 at 09:08:22 AM
By: Olivia C Lucatuorto
Deputy Clerk

1  Alden J. Parker (SBN 196808)
   E-Mail:  aparker@fisherphillips.com
2  Erin J. Price (SBN 319331)
   E-Mail:  eprice@fisherphillips.com
3  FISHER & PHILLIPS LLP
   621 Capitol Mall, Suite 1400
4  Sacramento, California 95814
   Telephone: (916) 210-0400
5  Facsimile:  (916) 210-0401

6  Attorneys for Defendant
   FIRST TECHNOLOGY FEDERAL CREDIT UNION
7  D/B/A FIRST TECH FEDERAL CREDIT UNION

8

9           SUPERIOR COURT OF THE STATE OF CALIFORNIA

10      FOR THE COUNTY OF PLACER - BILL SANTUCCI JUSTICE CENTER

11

12  JESSICA FAGALNIFIN,                    CASE NO.:  S-CV-0048175
                                           *[Unlimited Jurisdiction]*
13              Plaintiff,

14      v.                                 **DEFENDANT'S ANSWER AND
                                           AFFIRMATIVE DEFENSES TO PLAINTIFF'S
15  FIRST TECHNOLOGY FEDERAL CREDIT        COMPLAINT FOR DAMAGES**
    UNION D/B/A FIRST TECH FEDERAL
16  CREDIT UNION, a federally chartered credit
    union,                                 Complaint Filed: March 15, 2022
17                                         Trial Date: None Set
                Defendants.
18

19

20

21

22

23

24

25

26

27

28

1
DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES
FP 43844718.1

Defendant FIRST TECHNOLOGY FEDERAL CREDIT UNION D/B/A FIRST TECH FEDERAL CREDIT UNION ("Defendant") respond to Plaintiff JESSICA FAGALNIFIN ("Plaintiff") Complaint for Damages (the "Complaint') as follows:

## GENERAL DENIAL

Pursuant to California Code of Civil Procedure section 431.30, subdivision (d), Defendant generally denies each allegation and cause of action in Plaintiffs' unverified Complaint. Defendant further denies that Plaintiff has sustained any injury, damage, or loss by reason of any act or omission on the part of Defendant, and specifically denies that Plaintiff suffered any loss or damage alleged in the Complaint.

## AFFIRMATIVE DEFENSES

For a further answer to Plaintiff's Unverified Complaint and by way of affirmative defenses, Defendant alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

1.      Plaintiff's complaint, and each and every cause of action therein, fails to state facts sufficient to constitute any cause of action against Defendant.

## SECOND AFFIRMATIVE DEFENSE

2.      Plaintiff's complaint, and each and every cause of action therein, is barred by the applicable statute of limitations, including, but not limited to, Code of Civil Procedure sections 335.1, 338(a), 340(a) and (b), 342, and 343; California Labor Code sections 203, 226, 2699; 29 C.F.R. section 825.400, and any other applicable state or federal laws.

## THIRD AFFIRMATIVE DEFENSE

3.      Plaintiff's complaint, and each and every cause of action therein, is barred by the exclusive remedy provisions of the Workers' Compensation Act pursuant to California Labor Code section 3601 et seq.

## FOURTH AFFIRMATIVE DEFENSE

4.      If Plaintiff has received, or in the future receives, Workers' Compensation benefits by reason of the claimed injuries which give rise to this suit, any judgment rendered in favor of Plaintiff should be reduced by the amount of all Workers' Compensation benefits paid to or on behalf of Plaintiff.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES
FP 43844718.1

## FIFTH AFFIRMATIVE DEFENSE

5.     Plaintiff is estopped by her conduct from recovering any relief sought in the complaint, or in any purported cause of action alleged therein.

## SIXTH AFFIRMATIVE DEFENSE

6.     By her conduct, Plaintiff has waived any right to recover any relief sought in the complaint, or in any purported cause of action alleged therein.

## SEVENTH AFFIRMATIVE DEFENSE

7.     Plaintiff's claims are barred by the doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

8.     Plaintiff is guilty of undue delay in filing and prosecuting this suit, and accordingly, this action is barred by laches.

## NINTH AFFIRMATIVE DEFENSE

9.     To the extent Plaintiff suffered any symptoms of mental or emotional distress or injury, they were the result of a pre-existing psychological disorder or alternative concurrent cause, and not the result of any act or omission of Defendant.

## TENTH AFFIRMATIVE DEFENSE

10.     Plaintiff's claims are barred because Plaintiff's term of employment was terminable at will, with or without cause, pursuant to California Labor Code section 2922.

## ELEVENTH AFFIRMATIVE DEFENSE

11.     Plaintiff's claims are barred by Plaintiff's failure to exhaust administrative remedies and/or internal grievance procedures.

## TWELFTH AFFIRMATIVE DEFENSE

12.     There existed legitimate, non-discriminatory, and non-retaliatory reasons for the alleged acts of Defendant of which Plaintiff complains.

## THIRTEENTH AFFIRMATIVE DEFENSE

13.     Even if there was discrimination against Plaintiff (which Defendant denies), Plaintiff would have been terminated anyway.

///

## FOURTEENTH AFFIRMATIVE DEFENSE

14.     Plaintiff's claims are barred because the actions complained of were protected by the free speech provisions of the First Amendment to the United States Constitution.

## FIFTEENTH AFFIRMATIVE DEFENSE

15.     Plaintiff was paid all wages due her on a timely basis.

## SIXTEENTH AFFIRMATIVE DEFENSE

16.     Any recovery on Plaintiff's complaint or any cause of action therein is barred on the ground that to the extent she did work any overtime, which Defendant denies because Plaintiff was exempt, such work was unauthorized by Defendant and performed without Defendant's knowledge.

## SEVENTEENTH AFFIRMATIVE DEFENSE

17.     At all times Defendant was acting in good faith and had reasonable grounds for believing that its method of compensating Plaintiff was lawful.

## EIGHTEENTH AFFIRMATIVE DEFENSE

18.     The alleged acts of which Plaintiff complains were based on reasonable factors other than any other prohibited factor, including Plaintiff's alleged opposition to discrimination and/or retaliation.

## NINETEENTH AFFIRMATIVE DEFENSE

19.     Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant or to avoid harm otherwise.

## TWENTIETH AFFIRMATIVE DEFENSE

20.     Plaintiff's reasonable use of Defendant's procedures to prevent and/or correct the allegedly discriminatory or retaliatory behavior would have prevented all or some of the alleged harm she claims to have suffered.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

21.     The Complaint, and each purported cause of action alleged therein, fails to state a cause or causes of action for attorneys' fees against Defendant.

///

///

///

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES
FP 43844718.1

## TWENTY-SECOND AFFIRMATIVE DEFENSE

22.     The Complaint is barred in whole or in part because any and all actions taken by Defendant with respect to Plaintiff were job related for the position in question and consistent with business necessity.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

23.     Any recovery on Plaintiff's complaint, or any purported cause of action alleged therein, is barred in whole or in part by Plaintiff's failure to mitigate her damages.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

24.     Any recovery on Plaintiff's complaint or any purported cause of action alleged therein, is barred in whole or in part by after-acquired evidence which independently justified Plaintiff's termination.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

25.     Plaintiff is not entitled to recover punitive or exemplary damages from Defendant on the grounds that any award of punitive or exemplary damages would violate Defendant's constitutional rights under the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

26.     Plaintiff's Complaint, and each and every cause of action alleged therein, is barred on the grounds that Plaintiff's claims may not be litigated in court because some or all of Plaintiff's claims may be subject to mandatory and binding arbitration.  Defendant expressly reserves the right to bring a motion to compel the Complaint, or the claims of Plaintiff asserted in the Complaint, to binding arbitration pursuant to an arbitration agreement executed by Plaintiff.  Accordingly, Defendant's right to compel arbitration based on such arbitration agreements is hereby reserved.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27.     Because the Complaint is couched in conclusory terms, Defendant cannot fully anticipate all defenses that may be applicable to the within action.  Accordingly, the right to assert additional defenses, if and to the extent such defenses are applicable, is hereby reserved.

///

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES
FP 43844718.1

## PRAYER

WHEREFORE, this answering Defendant prays as follows:

1. That Plaintiff take nothing by her Complaint for damages;

2. That Plaintiff's Complaint herein be dismissed in its entirety with prejudice;

3. That Defendant recover its costs of suit herein, including its reasonable attorneys' fees; and

4. That the Court award such other and further relief as it deems appropriate.


DATE:  April 29, 2022                    FISHER & PHILLIPS LLP


                                         By: _____
                                             Alden J. Parker
                                             Erin J. Price

                                         Attorneys for Defendant
                                         FIRST TECHNOLOGY FEDERAL CREDIT
                                         UNION D/B/A FIRST TECH FEDERAL
                                         CREDIT UNION

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES
FP 43844718.1

**PROOF OF SERVICE**
**(CCP § 1013(a) and 2015.5)**

I, the undersigned, am at least 18 years old and not a party to this action.  I am employed in the County of Sacramento with the law offices of Fisher & Phillips LLP and its business address is 621 Capitol Mall, Suite 1400, Sacramento, California 95814.

On **April 29, 2022**, I served the foregoing document(s) **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES** on the person(s) listed below as follows:

Ryan C. Wright                                    *Attorneys for Plaintiff*
WRIGHT LAW CORPORATION              *JESSICA FAGALNIFIN*
2999 Douglas Blvd., Suite 180
Roseville, CA 95661                             Email: ryan.wright@wrightlawcorp.com

☒ **[by MAIL]** - I enclosed the document(s) in a sealed envelope or package addressed to the person(s) whose address(es) are listed above and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with this firm's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in Sacramento, California, in a sealed envelope with postage fully prepaid.

☐ **[by FAX]** - Based on an agreement of the parties to accept service by fax transmission, I faxed the document(s) to the person(s) at fax number(s) listed above from fax number (916) 210-0401.  The machine printed a record of the transmission, and no error was reported by the machine.

☐ **[by OVERNIGHT DELIVERY]** - I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed to the person(s) at the address(es) listed above.  I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight carrier.

☐ **[by ELECTRONIC SERVICE]** - Based on a court order or an agreement of the parties to accept service by electronic transmission, I electronically served the document(s) to the person(s) at the electronic service address(es) listed above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed **April 29, 2022**, at Sacramento, California.

Alicia P. Malerbi                              By: _____
_____
Print Name                                                            Signature

1
PROOF OF SERVICE