UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jessica Fagalnifin, | No. 2:22-cv-00734-KJM-JDP |
| Plaintiff, | ORDER |
| v. | |
| First Technology Federal Credit Union, | |
| Defendant. | |

Plaintiff Jessica Fagalnifin brings this employment action against defendant First Technology Federal Credit Union (First Tech) under federal and state law. She moves to amend her complaint to add four new causes of action and Doe defendants. First Tech opposes, claiming undue delay, prejudice, and futility. As explained below, the court **grants plaintiff's motion for leave to amend her complaint.**

I.     BACKGROUND

Fagalnifin's state court complaint alleges First Tech did not pay overtime, did not provide meal periods or rest breaks, and retaliated against her in violation of the federal Family and Medical Leave Act. *See* Compl., Ex. A, Notice of Removal, ECF No. 1-1. First Tech removed the action to federal court. *See* Notice of Removal, ECF No. 1. In the parties' Joint Status Report, Fagalnifin noted she expected to add Doe defendants, as well as a California Private Attorneys General Act (PAGA) claim, a libel claim, and an intentional infliction of emotional

1

distress claim.  *See* Joint Status Report at 1–2.  At the scheduling conference, the court set a deadline for Fagalnifin's amended complaint.  *See* Sched. Mins., ECF No. 5.

Fagalnifin timely filed for leave to amend her complaint.  *See* Mot., ECF No. 7.  She seeks to add a PAGA claim, a constructive discharge claim, a libel claim, and an intentional infliction of emotional distress claim, as well as fifty Doe defendants.  *Id.* at 2.  The PAGA claim and constructive discharge claim are based on the original complaint's facts, and the other claims and Doe defendants are predicated on vicarious liability for an allegedly fraudulent email a First Tech employee sent to Fagalnifin's new employers.  *See* Mot. at 8.  First Tech opposes the motion, claiming amendment is futile, prejudicial, and follows plaintiff's undue delay.  *See* Opp'n at 2, ECF No. 8.  Fagalnifin replied.  *See* Reply, ECF No. 9.

The motion is fully briefed.  *See* Mot.; Opp'n; Reply.  The court took the motion under submission without oral argument.  Min. Order, ECF No. 10.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) states the court should "freely give[ ] [leave to amend] when justice so requires" and the Ninth Circuit has "stressed Rule 15's policy of favoring amendments[.]"  *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989).  "[T]his policy is to be applied with extreme liberality."  *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).  "In exercising its discretion [regarding granting or denying leave to amend] 'a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits rather than on the pleadings or technicalities.'"  *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)).

However, "the liberality in granting leave to amend is subject to several limitations."  *Ascon Properties*, 866 F.2d at 1160 (citing *DCD Programs*, 833 F.2d at 186).  "Leave need not be granted where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay."  *Id.* (internal citations omitted).  In addition, a court should look to whether the plaintiff has previously amended the complaint, as "the district court's discretion is especially broad 'where the court has

already given a plaintiff one or more opportunities to amend [its] complaint.'" *Id.* at 1161 (quoting *DCD Programs*, 833 F.2d at 186 n.3) (alteration in original).

### III. ANALYSIS

Fagalnifin has shown amendment is appropriate given the Rule 15 standard. There is no evidence she acted in bad faith, and this amendment would be her first. Mot. at 6. She noted she might seek to amend her pleadings in the parties' August 2022 Joint Status Report. Joint Status Rep., ECF No. 4. It is also relatively early in the litigation. Fagalnifin filed her motion by the amendment deadline the court set, and at that time, there was nearly a year remaining of fact discovery, which will conclude on September 15, 2023. Sched. Mins. As noted, First Tech argues amendment is inappropriate because of undue delay, futility, and prejudice. Opp'n at 5–9. The court addresses these arguments in turn.

#### A. Undue Delay

First Tech states Fagalnifin had the information "in her possession prior to filing her lawsuit" for the PAGA and constructive discharge claims. Opp'n at 5. It argues she should not be allowed to amend because she could have included these claims in her initial complaint. *Id.* In reply, Fagalnifin explains she filed her notice of PAGA claim just three months after filing her state court complaint, and then filed the instant motion less than a week after the 65-day PAGA notice period ended. Reply at 3. She does not contest she knew the facts giving rise to the constructive discharge claim when she filed suit. *See id.* at 2–3.

To determine whether there has been undue delay, courts look at "(1) the length of the delay measured from the time the moving party obtained relevant facts; (2) whether discovery has closed; and (3) proximity to the trial date." *Wizards of the Coast LLC v. Cryptozoic Ent. LLC*, 309 F.R.D. 645, 652 (W.D. Wash. 2015) (citing *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798–99 (9th Cir. 1991)). Even if plaintiff was slow to investigate, "[i]n the Ninth Circuit, delay alone is insufficient to provide grounds for denying leave to amend[.]" *Abels v. JBC Legal Grp., P.C.*, 229 F.R.D. 152, 156 (N.D. Cal. 2005) (citing *Eminence Cap. LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)). For example, the Circuit has explained a two-year delay, on its own, is insufficient to deny a motion to amend. *See Morongo Band*, 893 F.2d at 1079. Here, Fagalnifin

moved to amend promptly after the PAGA claim notice period ended, although she knew the facts giving rise to the PAGA and constructive discharge claims when she filed suit. Her three-month delay between filing her state court complaint and her PAGA notice is insufficient to deny a motion to amend. *See id.* Moreover, nearly a year remains for discovery, giving First Tech ample time to prepare its defense to these additional claims.

### B. Futility

First Tech argues Fagalnifin's libel and intentional infliction of emotional distress claims are futile because she does not allege the offending employee was acting within the scope of employment, and thus First Tech could not be vicariously liable for the employee's actions. Opp'n at 7–8. First Tech also argues federal procedure does not permit Doe defendants. *Id.* at 8. In response, Fagalnifin claims the employee sent the fraudulent email using a work email, which suggests it was sent within the scope of employment. Reply at 4. She also explains the use of Doe defendants is necessary and permitted when, as here, a plaintiff needs further discovery to identify the individuals responsible for the wrongdoing, namely the sending of the allegedly libelous email. Reply at 4–5.

"Courts within this District and the Ninth Circuit often defer assessments of a proposed amendment's legal substance until after those amendments are filed and a defendant formally moves to dismiss." *Ortega v. Chick-fil-A, Inc.*, No. 21-0845, 2021 WL 5281031 (E.D. Cal. Nov. 12, 2021) (collecting cases); *see SAES Getters S.p.A. v. Aeronex, Inc.*, 219 F. Supp. 2d 1081, 1086 (S.D. Cal. 2002) ("[Legal sufficiency is] often more appropriately raised in a motion to dismiss rather than in an opposition to a motion for leave to amend."). "[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleading that would constitute a valid and sufficient claim or defense." *Kuschner v. Nationwide Credit, Inc.*, 256 F.R.D. 684, 687 (E.D. Cal. 2009) (citing *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988)); *see also Ctr. for Biological Diversity v. Veneman*, 394 F.3d 1108, 1114 (9th Cir. 2005).

Because Fagalnifin alleges First Tech's employee sent the allegedly fraudulent email from a First Tech email address, it is plausible the employee sent the email within the course of employment. Although Fagalnifin's allegations ultimately might be legally insufficient to

support her claims, the court cannot conclude amendment would be futile for the purposes of the motion to amend.

Likewise, Fagalnifin's amendment to include Doe defendants is also not futile and is allowable here, even if generally disfavored. Although First Tech relies on *Gillespie v. Civiletti* to argue John Doe pleading is disfavored, it omits the *Gillespie* court's observation that Doe pleading is permitted "where the identity of alleged defendants will not be known prior to the filing of a complaint[,]" and thus discovery is needed to identify the defendant. 629 F.2d 637, 642–43 (9th Cir. 1980). Fagalnifin argues she does not know who is responsible for the fraudulent email because she no longer has access to her First Tech email account. Reply at 5. Accordingly, discovery is warranted to determine who is responsible. *Id.* The court agrees she "should be given an opportunity through discovery to identify the unknown defendants[.]" *Gillespie*, 629 F.2d at 642. At the same time, the court cautions unnamed defendants can be dismissed if not timely served. *Cf.* Fed. R. Civ. P. 4(m) (providing for dismissal of unnamed defendants who, absent good cause, are not served within 90 days of complaint's filing).

**C.     Prejudice**

Finally, First Tech argues it will be prejudiced if the court grants Fagalnifin leave to amend because the amendment "would radically shift the nature of the case." Opp'n at 9. Fagalnifin disagrees, observing First Tech "will have more than nine months to prepare a defense" against any new claims. Reply at 3.

Prejudice to the opposing party "carries the greatest weight" in the Rule 15 analysis. *Eminence Cap.*, 316 F.3d at 1052. To prevail, the opposing party must show "it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the . . . amendments been timely." *Leines v. Homeland Vinyl Prods., Inc.*, No. 18-0969, 2020 WL 6044037, at *4 (E.D. Cal. Oct. 13, 2020) (marks and quotation omitted). "Other courts have found prejudice when the amendment came on the eve or close of discovery; when there were many previous efforts to amend; and when the amendment was brought to destroy diversity and the jurisdiction of the court." *Abels*, 229 F.R.D. at 156 (internal citations omitted) (collecting cases).

First Tech does not meet its burden to show prejudice.  It does not identify any disadvantage that would result from granting leave to amend, nor a lost opportunity to present evidence.  To the contrary, it simply states very generally the amendments "would radically shift the nature of the case." Opp'n at 9.  Given the case is in its early stages, with more than nine months remaining of fact discovery, First Tech has time to prepare its defense.  Moreover, as Fagalnifin notes in her reply, the PAGA claim and constructive discharge claim "are based on identical factual contentions to those already alleged in the Complaint." Reply at 3.  Considering the significant time remaining for fact discovery, Fagalnifin's proposed amendments will not prejudice First Tech.

In sum, granting Fagalnifin leave to amend is appropriate under Rule 15.  This is her first amendment.  There is no evidence of bad faith.  First Tech would not be prejudiced, and amendment would not be futile.  Although Fagalnifin did not seek leave to amend at the earliest possible moment, any delay alone does not deprive her of the opportunity to amend.  **The court grants Fagalnifin's motion.**

**IV.  CONCLUSION**

The court **grants the plaintiff's motion for leave to file an amended complaint.**  Any amended complaint **must be filed within fourteen (14) days.**

This order resolves ECF No. 7.

IT IS SO ORDERED.

DATED: January 18, 2023.

CHIEF UNITED STATES DISTRICT JUDGE