UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA FAGALNIFIN,<br>Plaintiff,<br>v.<br>FIRST TECHNOLOGY FEDERAL CREDIT UNION,<br>Defendant. | No. 2:22-cv-00734-DJC-JDP<br><br>ORDER |

Plaintiff Jessica Fagalnifin and Defendant First Technology Federal Credit Union have reached a settlement of Plaintiff's representative PAGA claims. Plaintiff now seeks approval of that settlement. The proposed settlement provides for a gross payment of $84,750.00 to settle the PAGA claim. The settlement is not a settlement of class claims, nor does it release any individual employee claims with the exception of Plaintiff's individual claims. Plaintiff has settled their individual claims for an additional $121,250.00. Plaintiff also seeks approval of attorney's fees and costs.

For the reasons stated below, Plaintiff's Motion for Approval of PAGA settlement and Attorney's fees and Costs (ECF No. 88) is granted.

## BACKGROUND

The Court previously addressed the factual and legal background of this case in its summary judgment order. (*See* ECF No. 71 at 2–3.) As such, no further summary of the facts is necessary as they are well known to the Court and parties.

At the conclusion of summary judgment motion practice, the Court granted Defendant's Motion for Summary Judgment as to Plaintiff's FMLA claims but denied Defendant's Motion as to Plaintiff's PAGA claim. (*Id.* at 14.) It is this PAGA claim on which the parties have now reached a settlement. Plaintiff's present motion (Mot. (ECF No. 88-1)) is unopposed.

Under the proposed settlement, Defendant would pay $84,750.00 as a gross settlement amount. From this amount, the settlement permits Defendant to seek up to one third of the settlement amount in attorney's fees and costs, specifically up to $23,001.10 in fees and up to $2,498.90 in costs. (*Id.* at 9.) The settlement also provides for a $10,000.00 service award for Plaintiff and Settlement Administrator costs not to exceed $11,000.00. (*Id.*) The remaining amount from the gross settlement, presumed to be $38,250.00, will be the PAGA payment and be divided between the LWDA and the aggrieved employees, with 75% ($28,687.50) going to the LWDA and 25% ($9,562.50) paid to the employees. (*Id.* at 9–10.) The payment to employees will be divided based on the number of work periods worked by each employee as a percentage of work periods worked by all aggrieved employees. The settlement provides that any unawarded fees, costs, and awards will become part of the PAGA payment. (*Id.* at 9 n.5.)

This matter is taken under submission without oral argument pursuant to Local Rule 230(g).

## LEGAL STANDARD

Because PAGA actions are fundamentally different from a class action, the settlement of PAGA claims does not trigger the Class Action Fairness Act and is not subject to the requirements of Rule 23. *Zackaria v. Wal-Mart Stores, Inc.*, 142 F. Supp.

3d 949, 955 (C.D. Cal. 2015); *see Baumann v. Chase Inv. Services Corp.*, 747 F.3d 1117, 1123 (9th Cir. 2015), *cert. denied*, 574 U.S. 1060 (2014). However, settlements of PAGA claims must still be approved by the Court. There is no binding authority governing the standard applied, but generally the Court first assesses whether the settlement terms meet the statutory requirements of PAGA and then the Court must ask whether the settlement of the PAGA claims is "fundamentally fair, reasonable, and adequate." *Haralson v. U.S. Aviation Servs. Corp.*, 383 F. Supp. 3d 959, 972 (N.D. Cal. 2019); Cal. Lab. Code § 2699(l)(2); *see also Rendon v. Infinity Fasteners, Inc.*, No. 120CV01538ADABAM, 2023 WL 2918678, at *3 (E.D. Cal. Apr. 12, 2023) (collecting cases).

## DISCUSSION

### I. PAGA Statutory Requirements

The proposed settlement appears to comply with all statutory requirements set forth by PAGA. The PAGA payment is split with 75% ($28,687.50) to be paid to the California Labor and Workforce Development Agency ("LWDA") and the remaining 25% ($9,562.50) to be paid to the aggrieved employees. This is the division of PAGA penalties required by statute. Cal. Lab. Code § 2699(i).[1] Plaintiff represents that they provided written notice of the claims to the LWDA of the Plaintiff's PAGA claim in 2022, and they provided further written notice regarding settlement to the LWDA. (Mot. at 7, 14.) These actions satisfy Plaintiff's obligation to provide notice of both the initial claims and the settlement. Cal. Lab. Code §§ 2699(l)(2), 2699.3(a)(1). Notably, LWDA did not oppose the settlement. (*Id.* at 14.)

Given the above, it appears that the parties have complied with the statutory requirements to settle a PAGA claim.

[1] As noted by Plaintiff in their Motion (*see* Mot. at 6 n.1), Plaintiff's PAGA claim are subject to the version of PAGA that was in effect at the time of filing, which is the version effective between June 2016 and June 2024. All citations to the California Labor Code are to this version of the labor code unless otherwise stated.

**II. Fairness, Adequacy, and Reasonableness of the PAGA Settlement**

The Court finds the proposed settlement to be fair, adequate, and reasonable. In preparation for trial, the parties attended a settlement conference before Magistrate Judge Allison Claire. (ECF Nos. 84, 87.) The present settlement was reached through arm's length negotiation during the settlement conference with Judge Claire, and the terms were stated on the record. (ECF No. 87.) This speaks strongly to the fairness, adequacy, and reasonableness of the settlement as it was reached with the assistance of an experienced, neutral third-party.

Moreover, all evidence suggests that Plaintiff has litigated this action fully. Plaintiff first filed this case in 2022 and has continued to pursue the claims over the course of several years. Plaintiff managed to partly succeed in defending against Defendant's Motion for Summary Judgment. It was only in the preparation of this case for trial, after discovery was fully completed, that settlement was ultimately reached. These facts, along with the circumstances in which the settlement arose, support a presumption of fairness. *See Adoma v. Univ. of Phx., Inc.*, 913 F. Supp. 2d 964, 977 (E.D. Cal. 2012) ("A settlement following sufficient discovery and genuine arms-length negotiation is presumed fair." (quoting *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 528 (C.D. Cal. 2004)).

The PAGA payment also appears to be a fair, adequate, and reasonable settlement. Plaintiff identified 35 aggrieved employees who worked 765 pay periods during the PAGA period of June 15, 2021 through December 15, 2025. (Mot. at 10.) Plaintiff calculates that the maximum possible PAGA penalty based on this number of work periods would be $81,750.00. (Mot. at 13.) The PAGA penalty of $38,250.00 represents a recovery of over 46% of the maximum possible recovery. As Plaintiff notes, taking these claims to trial presents substantial risk both in whether Plaintiff would prevail at trial and the amount that would be awarded. (*See id.* at 13.) The PAGA payment also accounts for $50 for each pay period worked by the aggrieved employees. (*Id.* at 12.) This compares favorably to other PAGA settlements, which are

often reduced based on the potential for PAGA to impose overstated penalties. *See Botonis v. Bimbo Bakeries USA, Inc.*, No. 2:22-cv-01453-DJC-DB, 2024 WL 100545, at *9–10 (E.D. Cal. Jan. 9, 2024). As such, the settlement appears fair, adequate, and reasonable on this basis as well.

Given all of the above, the Court finds the settlement to be a fair, adequate, and reasonable settlement of Plaintiff's PAGA claim against Defendant.

**III. Attorney's Fees, Costs, and Service Award**

Plaintiff also seeks the award of attorney's fees of $23,001.10, up to $2,498.90 in costs, and a $10,000.00 service award for Plaintiff. There does not appear to be any requirement for the Court to review and approve these fees, costs, and awards. Nevertheless, the Court finds that the requested amounts are fair and reasonable. Based on information provided by Plaintiff, counsel billed 224 hours prosecuting this action. (Raub Decl. (ECF No. 88-2) ¶ 7.) At a billing rate of $375.00, this represents a lodestar of $84,000.00. This almost certainly includes hours spent exclusively on Plaintiff's individual claims. But the fees requested represent a substantial "negative" lodestar multiplier, appropriately reflecting this reality.[2] Despite the agreement permitting up to $2,498.90 in costs, Plaintiff's counsel only seeks $528.16 in costs. This amount is appropriate and counsel provides support that these are costs that may be taxed under 28 U.S.C. § 1920. (*See* Raub Decl. ¶ 8.) Finally, the service award, while high, is not beyond what has been approved in similar actions and appears supported by the results achieved. *See, e.g.*, *Andrews v. Plains All Am. Pipeline L.P.*, 2022 WL 4453864, at *5 (C.D. Cal. Sept. 20, 2022). Accordingly, to the extent necessary, the Court approves the proposed Attorney's fees and costs as well as the service award.

**CONCLUSION**

For the reasons stated above, IT IS HEREBY ORDERED that:

[2] A negative lodestar is the term for where the requested attorney's fees are below the lodestar figure.

1. Plaintiff's Motion for Approval of Settlement and Attorney's Fees and Costs (ECF No. 88) is GRANTED;
2. The Court approves the PAGA settlement as set forth in the Agreement and the PAGA Payment, which shall be allocated and paid out as set forth in the Agreement. The settlement set forth in the PAGA Settlement Agreement appears to be fair, adequate, and reasonable.
3. The "Aggrieved Employees" are defined as all current and former exempt-salaried employees who worked for Defendant in California who were misclassified and should have been classified as non-exempt at any time during the PAGA Period. The PAGA Period is the period from June 15, 2021 through December 15, 2025.
4. Effective on the date when Defendant fully funds the entire Gross PAGA Settlement Amount, Defendant and the Released Parties (as defined in the Agreement) shall be entitled to a release of the Released PAGA Claims. The "Released PAGA Claims" means any and all claims for PAGA penalties that were alleged, or reasonably could have been alleged, based on the facts stated in the Operative Complaint, and the PAGA Notices submitted by Plaintiff to the LWDA, which occurred during the PAGA Period while employed in an exempt-salaried position and was misclassified (collectively the "Released PAGA Claims"). The "Released Parties" means Defendant and each of its former and present officers, directors, members, partners, owners, shareholders, agents, servants, attorneys, insurers, employees, managing agents, consultants, independent contractors, assigns, predecessors, successors, investors, representatives, parent entities, subsidiary entities, and affiliated entities, individually and in their business capacities, and all persons acting by, through, under and/or in concert with any of them, and each of their respective heirs, successors, and assigns. The Released PAGA Claims

expressly exclude all other claims, including claims for vested benefits, wrongful termination, violation of the Fair Employment and Housing Act, unemployment insurance, disability, social security, workers' compensation, California class claims, and PAGA claims outside of the PAGA period. The Released PAGA Claims also expressly exclude Plaintiff's non-PAGA claims which are subject to a separate release, which will be set forth in a separate individual settlement agreement.

5. This settlement (including this Order) cannot be used, directly or indirectly, to introduce, use, or admit in this case or in any other judicial, arbitral, administrative, investigative or other forum or proceeding, as purported evidence of any violation of any federal, state, or local law, statute, ordinance, regulation, rule or executive order (i.e., evidence of a "first" or "initial" violation), or any liability, obligation, or duty at law or in equity, or for any other purpose. This settlement (including this Order) shall not be construed to be an admission by "Released Parties" of any liability or wrongdoing as to Plaintiff, the Aggrieved Employees, or any other person, and "Released Parties" specifically disclaims any such liability or wrongdoing.
6. Pursuant to Labor Code section 2699, PAGA Counsel shall submit a copy of this Order and Judgment to the LWDA within 10 days after its entry.
7. The claim asserted under PAGA in this Action is dismissed with prejudice. After entry of this Order and Judgment, the Court shall, pursuant to Code of Civil Procedure § 664.6, retain jurisdiction pursuant to California Code of Civil Procedure § 664.6 to construe, interpret, implement, and enforce the Agreement, to hear and resolve any contested challenge to a claim for settlement benefits, and to supervise and adjudicate any dispute arising from or in connection with the distribution of settlement benefits.

8. The Court approves the requested attorney's fees of $29,001.10, costs of $528.16, and a service award of $10,000.00. Settlement Administrator costs of up to $11,000.00 are also approved.
9. Apex Class Action is appointed as the Settlement Administrator.
10. Within thirty (30) days of this order, parties shall file dispositive documents with respect to Plaintiff's individual claims.

IT IS SO ORDERED.

Dated: **August 3, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE